in bond are part of a system of dealing with warehouse goods, recognised and sanctioned by the government; that the latter treats the vendee as the owner, holds the goods as the primary security for the payment of the duties; and that the parties to the original bond are thenceforth no longer principals, but are sureties, and as such are entitled to the same protection as sureties in ordinary cases between individuals They insist upon the application of the general principle that where a party releases any portion of a primary security he, to that extent, releases the surety and this. too, whether such discharge of the security is the result of a direct and intentional act, or the result of mere laches. Now it is clear upon the proof in this case that the permit issued to Wylie and Wade on the 4th of September, 1865, to withdraw the balance of this importation, leaving $506.99 of the duties unpaid, was fraudulently or negligently issued It does not appear whether this was done corruptly or carelessly; but as fraud is not to be presumed in the present state of the proof, it must be deemed to have been issued negligently and improvidently. It was laches and gross laches. But assuming merely for the purpose of testing the right of the plaintiffs to the application of the rule above stated, that the plaintiffs, after the sale of the goods and the recognition of the vendees by the custom-house authorities, occupied toward the United States the position of sureties only, it does not, in view of the decided cases, follow that the laches of the agents of the government discharged the defendants. The doctrine that laches is not imputable to the government is too firmly fixed to be now shaken. U. S. v. Kirkpatrick. 9 Wheat. [22 U. S.] 720; U. S. v. Van Zandt, 11 Wheat. [24 U. S.] 184; Dox v. Postmaster-General, 1 Pet. [26 U. S.] 326; Hunter v. U. S. 5 Pet. [30 U. S.] 173; U. S. v. Lyman [Case No. 15,647].

In Dox. v. Postmaster-General, Marshall, C. J., after commenting on the case of U. S. v. Kirkpatrick, and the case of U. S. v. Van Zandt, remarks: "These two cases seem to fix the principle that the laches of the officers of the government, however gross, do not of themselves discharge the sureties on an official bond. from the obligation it creates, as firmly as the decisions of this court can fix it." The same general principle pervades the other cases cited, and it follows that the claim of the defendants is untenable. Judgment must be entered for the plaintiffs for $2,145.94, being the amount of principal with interest to the first day of the present term.

[The judgment of this court was affirmed by the supreme court. 106 U. S. 437, 1 Sup. Ct. 402.]

---

## Case No. 15,784.

UNITED STATES v. MISSISSIPPI, ETC., BOOM CO.

[See 3 Fed. 552.]

---

## Case No. 15,785.

UNITED STATES v. The MISSOURI.

[9 Blatchf. 433; 1 15 Int. Rev. Rec. 74.]

Circuit Court, E. D. New York. Feb. 23, 1872.[2]

PENALTIES—HOW RECOVERED—MANIFEST OF CARGO—SCIENTER.

1. Under section 8 of the act of July 18th, 1866 (14 Stat. 180), which declares that a vessel shall be holden for the payment of the penalty imposed upon her master by section 24 of the act of March 2d, 1799 (1 Stat. 646), where goods are brought into the United States by her, which are not included or described in the manifest of her cargo, the vessel may be proceeded against in rem, in the admiralty, to enforce such lien against her.

[Cited in The Helvetia, Case No. 6,345; The Joshua Seviness, Id. 7,549; Pollock v. The Sea Bird, 3 Fed. 575; The Sidonian, 38 Fed. 442; The C. G. White, 12 C. C. A. 314, 64 Fed. 581.]

2. The manifest of the cargo of such vessel, filed in the custom house, is competent evidence on the question as to whether such goods were entered on the manifest of her cargo.

3. It is not necessary to the liability of the master to such penalty, that it should appear he had knowledge that the goods were on board of the vessel.

4. If the absence of such knowledge is to be of avail, it must be proved as a defence.

[Appeal from the district court of the United States for the Eastern district of New York.]

[The steamer Missouri was libelled in a proceeding in rem, under the 8th section of the act of July 18, 1866. to recover the sum of $2,998 due to the United States from the master or person in charge of said vessel, as a penalty for bringing into the United States from a foreign port a quantity of cigars valued at the sum named and not included in the manifest of said vessel, in violation of the 24th section of the act of March 2, 1799. Decisions in favor of the United States were rendered by Judge Benedict, in the district court, upon exceptions filed and upon the trial of the action. The Missouri [Cases Nos. 9,-652 and 9,653].[3]

John J. Allen, Asst. Dist. Atty.
Goodrich & Wheeler for claimants.

WOODRUFF, Circuit Judge. There is, I think, some doubt, whether the act of July 18th, 1866, § 8 (14 Stat. 180), which declares, that the vessel shall be holden for the payment of the penalty imposed upon the master (where goods are imported or brought into the United States, which shall not be included or described in the manifest of the cargo) by the act of March 2d, 1799, § 24 (1 Stat.

---

1 [Reported by Hon. Samuel Blatchford, District Judge. and here reprinted by permission.]
2 [Affirming Case No. 9,653.]
3 [From 15 Int. Rev. Rec. 74.]